IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROBERT A. HAWKES, JR.,

      Petitioner,

v.                                     Civil Action No. 3:13cv647-JAG

HENRY PONTON,

      Respondent.

## MEMORANDUM OPINION

This matter comes before the Court on the respondent's Motion to Dismiss the petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. (Dk. No. 8.) The petitioner, Robert Hawkes, seeks to challenge his convictions for murder in the second degree and conspiracy to commit murder. (Dk. No. 4.) Hawkes did not file the instant petition until 15 months after the deadline established by 28 U.S.C § 2244, precluding the application of equitable tolling. The Court will GRANT the respondent's Motion to Dismiss.

### I.    Statement of Facts

On July 19, 2009, Hawkes was convicted in the Circuit Court of the City of Virginia Beach for second degree murder and conspiracy to commit murder. (Dk. No. 4 at ¶ 3.) Hawkes appealed his conviction to the Virginia Court of Appeals, which denied his petition for appeal on March 19, 2010. (Dk. No. 9, ex. 1 at p. 1.) The Virginia Supreme Court denied a subsequent petition for appeal on October 25, 2010. (Dk. No. 9 at ¶ 2.) Hawkes chose not to appeal to the United States Supreme Court, and the judgment in his case became final on January 23, 2011. (Dk. No. 4 at ¶ 6.)

After completing his direct appeals, Hawkes hired an attorney, Jahanghir Ghobardi ("Ghobardi"), to file a state habeas corpus petition on his behalf. (Dk. No. 4 at ¶ 7.) Ghobardi filed a state habeas petition in the Virginia Beach Circuit Court on October 24, 2011. (Dk. No. 4 at ¶ 7.) Hawkes' properly filed state habeas petition tolled the statute of limitations for filing a federal habeas petition with 91 days remaining. The Virginia Beach Circuit Court denied his habeas petition on January 17, 2012. (Dk. No. 4 at ¶ 7.) Hawkes chose not to appeal this decision. Instead, he asked Ghobardi to file a federal habeas petition under 28 U.S.C. § 2254. (Dk. No. 4 at ¶ 8.) Despite making an explicit promise to file Hawkes' petition, Ghobardi failed to file Hawkes' federal habeas petition before the statute of limitations expired. (Dk. No. 4 at ¶ 9.) After Ghobardi missed the deadline, Hawkes retained Brownstone PA ("Brownstone"), his current counsel, "on or after March 6, 2013." (Dk. No. 12, ex. 1 at ¶ 2.) Brownstone filed the instant habeas petition on September 20, 2013. (Dk. No. 1.)

## II.   Statute of Limitations Calculations

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, amended 28 U.S.C. § 2244 so that petitioners seeking federal habeas relief have one year to file a petition from "the date on which the[ir] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A "properly filed application for State post-conviction or other collateral review" tolls the statute of limitations for the pendency of the state proceedings. § 2244(d)(2). The term "properly filed" refers not to the petition's merits, but rather whether it meets the applicable state's procedural requirements. *Rodgers v. Angelone*, 113 F.Supp.2d 922, 929 (E.D. Va. 2000), *aff'd*, 5 F. App'x 335 (4th Cir. 2001) (quoting *Patterson v. Dir., Virginia Dep't of Corr.*, 36 F.Supp.2d 317, 320 (E.D. Va. 1999). A properly filed petition, appealing a

2

lower court's decision regarding a habeas corpus petition, tolls the statute of limitations from the date of the lower court's decision until the appellate court issues a decision. *Id.* at 929-30. An improperly filed petition, however, does not qualify for tolling under § 2244 and the statute of limitations begins running from the date of the lower court's decision. *Id.* (holding that filing of a notice of appeal does not toll the limitations period if the petitioner subsequently fails to file a petition of appeal with the Virginia Supreme Court).

The Circuit Court of Virginia Beach convicted Hawkes on July 19, 2009. (Dk. No. 4 at ¶ 3.) Hawkes appealed his conviction to the Virginia Supreme Court, which denied his petition for appeal on October 25, 2010. (Dk. No. 9, ex. 5 at p. 2.) Hawkes chose not to petition the United State Supreme Court for a writ of certiorari. His conviction became final on January 23, 2011. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("the limitation period begins running when the time for [petitioning the United States Supreme Court]—90 days—has elapsed").

Once his judgment became final, Hawkes had until January 23, 2012, to file a habeas corpus petition in federal court. On October 24, 2011, Hawkes filed a state habeas corpus petition in the Virginia Beach Circuit Court. This filing tolled the § 2244 limitations period with 91 days remaining. The Circuit Court denied Hawkes' habeas petition on January 17, 2012. Because Hawkes chose not to appeal this decision to the Virginia Supreme Court, the statute of limitations began running again on this date. *See Rodgers*, 113 F.Supp.2d at 929. Thus, Hawkes had until April 17, 2012, to file his federal habeas petition. Hawkes filed the instant petition on September 20, 2013, more than 15 months after the statute of limitations expired. (Dk. No. 1.)

### III.   Equitable Tolling

While Hawkes filed his federal habeas petition after the statute of limitations had run, he attempts to avoid this fact by asserting that the Court should allow equitable tolling. The one-year limitations period set by AEDPA for federal habeas petitions "is not jurisdictional." *Holland v. Florida*, 560 U.S. 631, ——, 130 S.Ct. 2549, 2560 (2010) (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)) (internal quotations omitted). AEDPA "is subject to equitable tolling in appropriate cases." *Id.* To apply equitable tolling, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2563.

To satisfy the first prong, the petitioner must have exercised "reasonable diligence, … not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565. In *Holland*, the petitioner sought equitable tolling after his attorney failed to file a federal habeas petition within the limitations period. *Id.* at 2552. The Supreme Court held that the petitioner had diligently pursued his rights. *Id.* at 2565. It noted that the petitioner sent a steady stream of letters asking his attorney to file his habeas petition before the statute of limitations ran. He also contacted multiple third parties, including the Florida State Bar Association, to pressure his attorney into filing the petition. *Id.* Additionally, the "*very day* that [the petitioner] discovered that his AEDPA clock had expired due to [his attorney's] failings, [the petitioner] prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Id.* (emphasis in original).

Under the second prong, attorney negligence can qualify as an extraordinary circumstance so long as it represents serious attorney misconduct and not "garden variety negligence." *Holland*, 130 S.Ct. at 2564. Serious misconduct can involve an "extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his

client, to implement his client's reasonable requests, to keep his clients informed of key developments in their cases, or to never abandon a client." *U.S. v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (citing *Holland*, 130 S.Ct. at 2654).

Hawkes asserts that he meets both of the requirements necessary for equitable tolling. He claims he diligently pursued his rights by firing Ghobardi right after learning that the attorney had failed to file his federal habeas petition and immediately hiring Brownstone as Ghobardi's replacement. According to Hawkes, Ghobardi's failure to file his federal habeas petition, after promising to do, qualifies as serious misconduct, satisfying the second requirement for equitable tolling.

The problem for Hawkes is that his actions show a lack of diligence, which precludes the application of equitable tolling. Accordingly, the Court need not decide whether Ghobardi's actions constituted serious misconduct.

Although Hawkes does not state exactly when he fired Ghobardi,[1] he says he hired Brownstone "[a]s soon as [he] discovered that Mr. Ghobardi failed to file his federal motion." (Dk. No. 4 at ¶ 13.) Since Hawkes hired Brownstone around March 6, 2013, (Dk. No. 12, ex. 1 at ¶ 3), the Court will assume that he fired Ghobardi around the same time.

Hawkes, therefore, fired Ghobardi nearly a year after the statute of limitations had run. The only plausible reason for this delay would be that Hawkes did not realize when the statute of limitations ran on his federal habeas petition. When an attorney files a petition late, the attorney's negligence is "constructively attributable to the client." *Holland*, 130 S.Ct. at 2564,

---

[1] The Court issued an Order requiring Hawkes to disclose the dates upon which he fired Ghobardi and retained Brownstone. (Dk. No. 11.) Hawkes' response fails to disclose when he fired Ghobardi. An accompanying affidavit spends a great deal of time discussing Brownstone's work preparing the instant petition. While the Court does not doubt Brownstone's efforts in this matter, its diligence is irrelevant. The reasonable diligence standard refers only to the petitioner's diligence, and cares not a whit for the work ethic of the petitioner's attorneys.

2567.  Likewise, Hawkes should have, at the very least, known the deadline for filing his habeas petition.  His unawareness of the statute of limitations reflects a languid pursuit of his claims, which caused him to fire Ghobardi a year late, and file his habeas petition 15 months after the statute of limitations expired.  This does not constitute reasonable diligence.  *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1815 (2005) (finding that the petitioner did not act diligently in filing federal habeas petition five months after state post-conviction relief proceedings concluded); *Brame v. Pixley*, No. 2:11cv564, 2012 WL 1999687, at *2 (E.D. Va. June 1, 2012) (finding that the petitioner did not act diligently in waiting nearly a year to file a federal habeas petition after the state court dismissed his state habeas petition); *Hardy v. O'Brien*, No. 3:09cv183, 2010 WL 724022 at *3 (E.D. Va. Mar. 2, 2010) (finding a lack of diligence when the petitioner filed a federal habeas petition six months after state habeas proceedings concluded); *but see Holland*, 130 S.Ct. at 2565 (finding that the petitioner had diligently protected his rights, in part, because he began preparing a habeas petition *pro se* on the same day that the statute of limitations ran).  Since Hawkes cannot show that he diligently pursued his rights, equitable tolling is unavailable and the Court dismisses his petition.

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS the respondent's Motion to Dismiss, (Dk. No. 8), and DISMISSES the petitioner's petition for a writ of habeas corpus.

An appropriate Final Order shall issue.

Date:  3/5/14
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge